IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00156-CR

 

Aaron James Downs,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court # 04-02-17,624-CR

 



MEMORANDUM 
Opinion



 

          Aaron James Downs appeals from his plea-bargained conviction of
unauthorized use of a motor vehicle.  The
trial court’s certification regarding Downs’s
right of appeal affirmatively shows that Downs has no right of appeal.

          We
dismiss the appeal.  See Tex. R. App. P.
25.2(d); High v. State, 115 S.W.3d
581, 582 (Tex. App.—Waco 2003, pet. ref’d).

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

(Justice Vance dissents because Down’s motion
that was denied and now complained of is missing from the clerk’s record, i.e., the motion for new trial.  Because it was denied after the date of the
trial court’s certification, I would request a supplemental clerk’s record
rather than dismiss.)

Dismissed

Opinion delivered and filed August
 18, 2004

Do not publish

[CR25]








 






an style="font-size: 12pt">      (3) bodily injury.

Tex. Pen. Code Ann. § 22.04(a) (Vernon Supp. 2002) (emphasis added). Section 22.04
proscribes three distinct results: serious bodily injury; serious mental deficiency, impairment or
injury; and bodily injury. Each result is separated by the use of “or.” Accordingly, we conclude
that section 22.04 describes three distinct offenses related to a child: (1) injury to a child by
serious bodily injury; (2) injury to a child by mental deficiency, impairment, or injury; and (3)
injury to a child by bodily injury. Omission and commission are the manner in which a person
may cause the prohibited results. Cf. Vaughn, 634 S.W.2d at 312.
      In the indictment, one statutory offense was alleged by the State: injury to a child by causing
serious mental deficiency, impairment or injury. See Tex. Pen. Code Ann. §22.04(a)(2). The
eleven acts and omissions alleged conjunctively in the indictment are merely means of
accomplishing the prohibited result. This falls within the parameters of Vaughn and is not
duplicitous under Carlock. Vaughn, 634 S.W.2d at 312; Carlock, 8 S.W.3d at 721.
      Herrington additionally argues that because the various acts and omissions could have been
committed at different times, they necessarily allege different offenses. Without evidence in the
record, it is impossible to tell whether these acts occurred under the umbrella of a continuous act
or were separated in time so as to create distinct offenses which may require an election. Wilson
v. State, 3 S.W.3d 223, 225 (Tex. App.—Waco 1999, pet. ref’d) (when an indictment charges a
defendant with a single offense but the State offers evidence of multiple acts and omissions for
which the defendant could be convicted under the indictment, the defendant should ask the trial
court to make the state elect which act or omission it will rely upon for conviction).
      We hold that the trial court abused its discretion in quashing the indictment. We reverse the
order and remand this cause for further proceedings consistent with this opinion.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reverse and remand
Opinion delivered and filed November 27, 2002
Do not publish
[CRPM]